UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRANDY M.[1]                              )
o/b/o B. R., a minor,                     )
                                          )
    Plaintiff,                            )
                                          )
  v.                                      )    CIVIL NO.  2:20cv463
                                          )
KILOLO KIJAKAZI,                          )
Commissioner of Social Security,          )
                                          )
    Defendant.                            )

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Social Security Income (SSI) under Title XVI of the Social Security Act. 42 U.S.C. § 1382c(a)(3). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less

---

[1] To protect privacy, Plaintiff's full name will not be used in this Order. Also, the term "Plaintiff" will refer to the minor child.

than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings. *Scott v. Astrue*, 734, 739 (7th Cir. 2011); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see also Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant was born on February 9, 2014. Therefore, he was a preschooler on August 24, 2018, the date the application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity since August 24, 2018, the application date (20 CFR 416.924(b) and 416.971 *et seq*.).

3. The claimant has the following severe impairments: expressive language disorder, hearing loss, and attention deficit hyperactivity disorder. (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).

6. The undersigned finds that the claimant has not been disabled, as defined in the Social Security Act, since August 24, 2018, the date the application was filed (20 CFR 416.924(a)).

(Tr. 16-21 ).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on September 20, 2021. On October 29, 2021, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be remanded.

A claimant under the age of eighteen shall be considered disabled if the claimant has a medically determinable physical or mental impairment that results in "marked and severe functional limitations" and that can be expected to result in death, or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.906. The regulations define the statutory standard of "marked and severe functional limitations" as "a level of severity that meets, medically equals, or functional equals the listings." 20 C.F.R. § 416.902; *see also* 20 C.F.R. §§ 416.906, 416.924(a), 416.926a(a); 20 C.F.R. pt. 404, Subpt. P, App. 1 (the Listing of Impairments).

The Commissioner has developed a specific sequential evaluation process for determining whether a child claimant is disabled or not disabled. 20 C.F.R. § 416.924. The three-step process requires a child to show: (1) that he is not working; (2) that he has a "severe" impairment or combination of impairments; and (3) that his impairment or combination of impairments is of listing-level severity, that is, the impairment(s) meets or medically equals the severity of a set of criteria for an impairment in the listings, or functionally equals the listings. *See* 20 C.F.R. § 416.924.

If a child claimant is not working and has a severe impairment, the fact-finder must determine if the child's impairment(s) meets or medically equals an impairment in the listings. 20 C.F.R. §§ 416.924(a)-(d). If the child's impairment(s) does not meet or medically equal a listed impairment, the fact-finder then must determine if the child's impairment(s) is functionally equivalent to the listings. 20 C.F.R. § 416.924(d); see also 20 C.F.R. § 416.926a (discussing functional equivalence). For the child's impairment(s) to functionally equal the listings, the child's impairment(s) must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.926a(a) and (d). A claimant has a "marked" limitation in a domain when his impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). In assessing functional equivalence, the fact-finder considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

Plaintiff argues that the ALJ erred in analyzing the severity of his physical and mental

4

impairments. As Plaintiff's impairments did not meet the severity of the applicable listings, the ALJ proceeded to determine whether Plaintiff had an impairment or combination of impairments that equals the severity of the listings. (Tr. 17). The ALJ explained:

> If the claimant has a severe impairment or combination of impairments that does not meet or medically equal any listing, the undersigned must determine whether the claimant has an impairment or combination of impairments that functionally equals the listings. When determining functional equivalence, the undersigned evaluates the "whole child" (see Social Security Ruling 09-1p), by considering how the claimant functions at home, at school, and in the community; the interactive and cumulative effects of all of the claimant's medically determinable impairments on the claimant's activities; and the type, extent, and frequency of help the claimant needs.
>
> The undersigned must consider how the claimant functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. To functionally equal the listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. Our rules explain that a claimant has a "marked" limitation in a domain when her impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities, and a claimant has an "extreme" limitation" in a domain when her impairment(s) "interferes very seriously" with these same abilities. In making this assessment, the undersigned must compare how appropriately, effectively and independently the claimant performs activities compared to the performance of other children of the same age who do not have impairments (20 CFR 416.926a).

(Tr. 17).

The ALJ found that Plaintiff had marked limitation in the third domain: interacting and relating with others. Plaintiff argues that he also suffers from marked limitation in three other domains: acquiring and using information, attending and completing tasks, and health and physical well-being.

With respect to acquiring and using information, the ALJ found:

5

> [O]bjective medical evidence demonstrates less than marked limitations in this claimant's ability to acquire and use information. Intellectual testing in the claimant's 2018 consultative examination demonstrated scores in the low average to high average range. Similarly, intelligence testing administered in December 2019 demonstrated overall intellectual functioning within the low average range, with a full scale IQ score of eighty-eight. However, this score was not considered a fully valid measure of the claimant's ability, because he had significant differences between performance on verbal and nonverbal tasks. The claimant exhibited average performance in nonverbal tasks, with much lower scores in verbal tasks, demonstrating the claimant performs better on tasks that are more visual or procedural in nature, rather than those that require receptive and expressive language. This is unsurprising, considering the claimant's hearing loss and speech language disorder. Furthermore, teacher questionnaires demonstrated the claimant has generally obvious to serious problems in this functional domain, with the claimant's greatest limitations related to receptive and expressive language. (Exhibits 5E, 11E, 11F, 32F, 33F).

(Tr. 19-20).

Plaintiff points out that his IEP report of May 1, 2018- May 1, 2019 (Exhibit 1F/2) evidences that Plaintiff was unable to accurately state any lower or upper case letters, could not expressively state the names of any numbers, and was only able to state 2 out of 11 colors and 3 out of 8 basic shapes.  In a report from Dr. Magno dated January 14, 2019, it was noted that Plaintiff did not know his letters, colors or numbers, and his short-term memory was poor (Exhibit 16F/2). Moreover, on the DAYC-2 test, which is a developmental assessment for young children, Plaintiff scored 81, which "falls within the lower end of the Below Average range and is equal or superior to 10 out of 100 same-aged peers.  His lowest two areas were in the area of cognition and communication skills, both falling 1½ standard deviations below the mean." Exhibit 1F/31). This assessment was performed in 2017 when Plaintiff was a little over three years old. Due to his mild hearing loss Plaintiff had articulation errors and speech delay. (Exhibits 6F/5, 9F/3) Also, the physicians at Riley Hospital noted delays in several areas (motor,

6

language, adaptive). (Exhibit 18F/5).

The ALJ has pointed to evidence that Plaintiff has average or above average intelligence. However, this fact does not address the real issue of whether Plaintiff is able to acquire and use information.  Clearly, Plaintiff has that ability from a cognitive standpoint.  But it appears that due to his hearing loss, which the record shows he has had from birth, Plaintiff has not yet been able to achieve his intellectual potential.  That is, there is evidence, which the ALJ should have considered, that Plaintiff is delayed in acquiring and using information, and quite possibly has a "marked limitation" in this area.  Thus remand is required for the ALJ to consider the question of whether Plaintiff has actually been able to acquire and use information.

With respect to attending and completing tasks, the ALJ found:

> Turning to the claimant's ability to attend and complete tasks, record indicates a more recent diagnosis of attention deficit hyperactivity disorder. Additionally, the claimant's most recent IEP evaluation indicates the claimant's mother and teachers reported behaviors demonstrating borderline to clinically significant attention problems. However, the undersigned notes that the medical record as a whole indicates the claimant demonstrated good attention to task and focus in more structured testing environments. The claimant's IEP already provides for additional structure, and his progress reports indicate good response to these interventions. Furthermore, the claimant's teacher questionnaires demonstrate slight to obvious problems in this domain, but the claimant was generally noted as somewhat impulsive and curious in the classroom. (Exhibits 5E, 11E, 11F, 32F, 33F).

(Tr. 20).

Plaintiff argues that the evidence in the record shows that Plaintiff is easily distracted by background sounds, needs constant movement, requires significant redirection, has difficulty working at a reasonable pace and carrying out multi-step instructions, gets fidgety and talkative, lacks focus, has outbursts and yells or throw objects, needs instructions repeated, has problems

7

with sit-down work, and becomes disinterested. (Exhibits 1F/18, 8F/1, 20F/10, 11F/2, 18F/2 16F/2,18F/4, 23F/13,25F/2).

This court finds that the ALJ placed undue emphasis on the fact that Plaintiff stayed on task in "more structured testing environments." Plaintiff spends his day in a classroom with other young children, with a teacher that cannot give him undivided attention to keep him on task. Thus the ALJ should have evaluated Plaintiff's ability to attend and complete tasks in his normal environment.  Remand is required on this issue.

With respect to health and physical well-being, the ALJ found:

> Finally, in terms of the claimant's health and physical well-being, he has less than marked limitations. The claimant uses hearing aids and prescription lenses to help correct hearing loss and myopic astigmatism. However, aside from these impairments, the record indicates generally good health over all, without recurrent illnesses. Moreover, the claimant's physical examinations indicated overall normal development and functioning. (Exhibits 6F, 11F, 18F, 21F).

(Tr. 20).

Plaintiff notes that he has balance difficulties, frequent falls, clumsiness, poor coordination, and impaired vestibular system. (Exhibits 6F/2, 7F/5, 8F/1, 11F/2, 8F/2). However, none of these conditions are supported by medical documentation other than reports from his mother. The record does show that other than his hearing loss and possible associated vestibular issues, Plaintiff is well-developed physically and in good health.  Thus remand is not warranted on this issue, as substantial evidence supports the ALJ's determination that Plaintiff does not have a "marked limitation" in this domain.

8

Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

Entered: November 22, 2021.

                                                                             s/ William C. Lee  
                                                                             William C. Lee, Judge  
                                                                             United States District Court